# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Gregory R. Massey and James P. Turitto, as Trustees of the Minnesota Cement Masons Pension Fund; Arland B. Anderson and Gregory R. Massey, as Trustees of the Minnesota Cement Masons Health and Welfare Fund; Gregory R. Massey and James P. Turitto, as Trustees of the Minnesota Cement Masons – Plasterers – Shophands Journeyman and Apprentice Training Fund; and Robert Ridge and Timothy Worke, as Trustees of the Minnesota Cement Masons – Plasterers – Shophands Local 633 Savings Trust Fund,

    Plaintiffs,    Civil Action No. 11-CV-695 MJD/TNL

vs.                 **ORDER**

MacHill Construction Services, LLC; a Minnesota limited liability company; and Douglas F. Hill,

    Defendants.

---

  Andrew E. Staab, Esq., Felhaber, Larson, Fenlon & Vogt, P.A., appeared as counsel for Plaintiffs.

  No one appeared for Defendants.

  The above-entitled matter came on for hearing on the 10th day of November, 2011, pursuant to Plaintiffs' motion for entry of default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Court, having reviewed the Complaint, the Affidavit of Andrew E. Staab, the Affidavit of Gregory R. Massey, the Affidavit of Lora

A. Lessard, and upon all files, records and proceedings herein, makes the following:

## FINDINGS OF FACT

1. Defendant MacHill Construction Services, LLC ("MacHill Construction") is signatory to an Independent Addendum dated July 3, 2007 (the "Independent Addendum"). The Independent Addendum binds MacHill Construction to the Collective Bargaining Agreement between the Minneapolis and St. Paul Builders Division of Associated General Contractors of Minnesota, and the Cement Masons, Plasterers and Shophands Local No. 633 of Minnesota, North Dakota and Northwest Wisconsin.

2. Defendant Douglas F. Hill is personally and individually bound to the Independent Addendum and the Collective Bargaining Agreement, as the individual owner, partner and shareholder signing for the employer, MacHill Construction, pursuant to the provisions of the Independent Addendum.

3. The Collective Bargaining Agreement is for the period of May 1, 2007 through April 30, 2010. It renewed automatically for a further period of twelve (12) months, and remains in full force and effect.

4. Pursuant to the Independent Addendum and Collective Bargaining Agreement, MacHill Construction agreed to contribute every month certain sums to the Trust Funds for each hour worked by all employees covered by the Collective Bargaining Agreement.

5. MacHill Construction failed to make the fringe benefit contributions, and the Plaintiffs commenced this action on March 21, 2011 to collect unpaid fringe benefit contributions and related damages, and to enforce reporting and audit requirements.

6. On May 10, 2011, Zenith Administrators, Inc., the Third Party Administrator for

the Plaintiffs, performed a fringe benefit audit on MacHill Construction covering the time period of January 1, 2010 through March 31, 2011.  As disclosed in the audit, Defendants owe Plaintiffs the sum of $24,382.91, not including liquidated damages, in unpaid fringe benefit contributions for the time period of January 1, 2010 through March 31, 2011.

7.   Pursuant to 29 U.S.C. §1145 and 29 U.S.C. §1132 (g)(2) and the Collective Bargaining Agreement, Defendants are required to pay, in addition to the unpaid contributions, the following: liquidated damages of ten percent (10%) of the unpaid contributions; interest on the unpaid contributions at the rate provided under the Plan, or if none, the rate prescribed under 26 U.S.C. §6621; and, reasonable attorney fees and costs of the action.

8.   The liquidated damages due and owing are in the amount of $2,438.29.

9.   The Plan does not provide for an interest rate.  The rate prescribed under 26 U.S.C. §6621 for all four quarters in the year 2010 is four percent (4%) per annum.  The total interest owing through July 31, 2011 on the unpaid contributions is the sum of $948.30.

10.  The attorney fees incurred in this action through the entry of default judgment is the sum of $2,514.87, which is a fair and reasonable amount for services rendered to the Plaintiffs in this action.

11.  The costs incurred in this action are in the amount of $1,197.50.

12.  The total amount the Defendants owe the Plaintiffs is $31,481.87, itemized as follows: unpaid fringe benefit contributions: $24,382.91; liquidated damages: $2,438.29; interest on unpaid contributions (through July 31, 2011): $948.30; reasonable attorney

fees: $2,514.87; and costs: $1,197.50.

13. The Clerk of Court entered the default of the Defendants on April 19, 2011, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

14. Plaintiffs are entitled to judgment by default against the Defendants, jointly and severally, for the sum of $31,481.87.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for entry of default judgment is granted.

2. Plaintiffs are awarded judgment in their favor and against the Defendants, jointly and severally, in the amount of $31,481.87.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: November 10, 2011        s/ Michael J. Davis
                                Michael J. Davis
                                Chief United States District Court Judge